AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA

**v.**

Mark Tatman
_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case *CR06-50-2-GMS*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state
   or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.
     § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment
   for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the
   safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
   X   for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC §§841, 846   .
   ☐ under 18 U.S.C. § 924(c).

X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure
   the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence  X  a preponderance of the evidence: 1. strong evidence that defendant was involved in distribution and conspiracy to distribute crack including a direct sale to an undercover officer.

2. Although defendant's criminal history is misdemeanor offenses, they are substantial. Further he have been found guilty of violating probation on two occasions, in 2003 and 2005.

3. Defendant has lived a transient life style since 2000. Although he claims that he has been living with his mother since his return from Georgia in 2004, his mother advised that he has not resided with her for two years and just uses her address for mailing purposes.

4. He has taking little or no responsibility for his daughter who almost became a ward of the state. He does not know who has custody of her.

5. He is unemployed.

6. He consumes alcohol daily , smokes MJ but denies other substance abuse.

In light of the serious nature and strong evidence in support of the present charges, defendant's past serial misdemeanor history, his total lack of responsibility, his lack of work and lack of stability of address, the court find that there are no conditions or combination thereof that will reasonably assure defendant's appear as required and the safety of the community.

FILED

JUN 2 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| 6/2/06 | |
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

